160 So. 269

## BROADFOOT v. STATE.
### 8 Div. 80.

Court of Appeals of Alabama.
March 19, 1935.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The storehouse of Brothers & Co., Inc., was burglarized, and from the storehouse was stolen a quantity of sugar in bags and a lot of cigarettes. The most of the sugar and some of the cigarettes were found the following night in the basement of a house belonging to one Berry, and located in the same city where the burglary took place. There was evidence tending to identify the stolen property, and there was abundant evidence tending to prove the defendant's connection with the possession and that he knew it to have been stolen. Some of this evidence was circumstantial, but was so clear and convincing that we entertain no doubt as to the correctness of the conclusion of the jury as to defendant's guilt. For the above reasons, the general charge as requested by defendant was properly refused.

Defendant's refused charge 2 was fully covered by written charges given at the request of defendant and by the general charge of the court.

Defendant moved the court to exclude the testimony as to the finding of the cigarettes, because there were fewer cigarettes found than were stolen. The fact that all of the stolen goods were not found in defendant's possession would not constitute such a variance as would entitle defendant to a verdict. Martin v. State, 125 Ala. 64, 28 So. 92; Raines v. State, 42 Fla. 141, 28 So. 57.

Defendant moved to exclude the answer of the witness Logel, that they found the sugar in Mr. Berry's house. There was evidence tending to identify this sugar as the stolen sugar, and therefore it was relevant to show where the sugar was found, especially so, as there was evidence tending to connect the defendant with the possession at that place.

There were several objections and exceptions to questions asked the defendant on cross-examination. These questions were well within the bounds of legitimate cross-examination, and the court did not commit error in any of its rulings regarding them.

There was ample evidence to sustain the verdict in this case, and the court properly overruled the motion for a new trial.

There is no error in the record, and the judgment is affirmed.

Affirmed.